Alphonse J. Chowaniec *vs.* Board of Canvassers and Registration of the City of Pawtucket.

MAY 3, 1957 as of NOVEMBER 2, 1955.

Present: Flynn, C. J., Condon and O'Connell, JJ.

Per Curiam. This is a petition for mandamus to require the respondents to appoint certain supervisors to serve at the polling places in the general municipal election to be held in the city of Pawtucket on November 8, 1955. The case is here on the respondents' answer to the alternative

writ of mandamus which we issued. However, both parties have agreed, with the approval of the court, to treat the pleadings as closed and to determine the merits of the question of law which is presented by the petition.

The petitioner is a duly qualified candidate for the office of councilman-at-large to be voted on at said municipal ·election. The respondents constitute the board of canvassers and registration of the city of Pawtucket. Hereinafter they will be referred to as the board. It is admitted that petitioner and several other candidates for the office of councilman-at-large had filed with the board, in accordance with the provisions of the statute, lists containing the names of two qualified persons for each polling place, and that from these names supervisors were to be selected by the board to the end that candidates for the same office would have equal representation in accordance with public laws 1953, chapter 3238, sec. 22. The petitioner alleges, however, that notwithstanding the lists of names which he had filed for each of the twenty-nine polling places, the board had selected supervisors in a manner that gave him representation in only nineteen polling places; that in each of the remaining ten polling places no supervisor to represent him had been appointed by the board; and that therefore he has not received equal representation in the various polling places as provided by sec. 22 of the above-mentioned statute.

On the other hand the board concede that petitioner duly filed a list of such names for each polling place. However, the chairman explained that a total of six supervisors were appointed for each polling place; that the candidates for mayor were each given one supervisor; that the remaining four were selected by a rotation system in accordance with the procedure followed at the previous election; and that this gave substantially equal representation to all candidates for the office of councilman-at-large.

Moreover it was represented to the court that several

candidates for the office of councilman-at-large had sub-mitted lists for each polling place but the lists therefor contained identical names. It is the board's contention that they appointed in each of the twenty-nine polling places a supervisor whose name actually appears on the list submitted by petitioner for that polling place. For this reason they categorically deny petitioner's claim that he is without equal representation in ten polling places as alleged in his petition.

The question sought to be raised is governed by P. L. 1953, chap. 3238, sec. 22, which reads as follows: "Wardens, clerks and supervisors for the various polling places shall be designated by the board of canvassers so that there shall be equal representation for all candidates; provided that no candidate shall be represented by both a warden and clerk at the same polling place."

It appears to us that under the strict letter thereof each candidate for councilman-at-large is entitled to equal representation as to the supervisors in each polling place, and that in accordance with the statute the board are required to appoint at least one supervisor for each polling place from the list of qualified persons if such names were duly submitted by the candidate.

However, in applying the law to the instant case we are of the opinion that petitioner has failed to establish that the board have not appointed such a supervisor in each polling place. On the uncontradicted statement of the chairman of the board, they have appointed at least one supervisor in each polling place whose name appeared on the list of persons submitted for such polling place by petitioner. This fact did not appear in the petition, but at the hearing before us it was admitted by him.

He now attempts to explain that the board's selection of supervisors in ten of the polling places should not be considered as his representatives because they were also on the lists of another candidate who had submitted iden-

338

tical names. The petitioner for mandamus must make out a clear case on his own petition. The effect on some other candidate is not before us and petitioner initiated the problem by filing identical names. In the circumstances, if the board have actually selected one supervisor in each polling place whose name appears on the list approved and submitted by petitioner, he may not be heard to complain that he has not received equal representation under P. L. 1953, chap. 3238, sec. 22.

The petition is denied and the writ heretofore issued is quashed.

*John F. McBurney,* for petitioner.

*John A. O'Neill,* City Solicitor, *Harvey J. Ryan,* Ass't City Solicitor, for respondents.